IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| State of Utah, | ) | MEMORANDUM DECISION |
| | ) | |
| Plaintiff and Appellee, | ) | Case No. 20110330-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (October 4, 2012) |
| Thaumasinh Syvongsa, | ) | |
| | ) | 2012 UT App 277 |
| Defendant and Appellant. | ) | |

-----

Third District, Salt Lake Department, 101901436
The Honorable Judith S.H. Atherton

Attorneys:     Brittany D. Enniss, Michael R. Sikora, and Noella A. Sudbury, Salt Lake
City, for Appellant
Mark L. Shurtleff and John J. Nielsen, Salt Lake City, for Appellee

-----

Before Judges Orme, Thorne, and Voros.

THORNE, Judge:

¶1     Defendant Thaumasinh Syvongsa appeals his conviction of aggravated assault.
*See* Utah Code Ann. § 76-5-103 (Supp. 2012).  Defendant argues that the evidence was
insufficient to support his conviction and that the State committed prosecutorial
misconduct.  We affirm.

¶2     Defendant's conviction arises from an incident that occurred on February 6, 2010.
Defendant was helping his friend, K.D., move out of her mother's home.  C.B. and her
boyfriend, J.E., arrived to help K.D. move.  Defendant and C.B. had, until the previous
year, lived together for seventeen years.  During the move, Defendant and C.B. got into

an argument about J.E. After the argument, Defendant left but returned fifteen to thirty minutes later. J.E., who was standing in the back of the garage next to an exit door, saw Defendant at the bottom of the driveway with a gun. J.E. said, "He's got a gun," and ran out the back door of the garage and called the police. After C.B. and K.D. struggled with Defendant in an attempt to keep him out of the garage, Defendant left.

¶3 Defendant was charged with three counts of aggravated assault. A jury trial was held. At the close of the State's evidence, Defendant moved for a directed verdict based on insufficiency of the evidence. The court denied Defendant's motion. The jury acquitted Defendant of the aggravated assault counts related to K.D. and C.B. but convicted him of the aggravated assault count pertaining to J.E.

## I. Insufficiency of the Evidence

¶4 Defendant argues that the State presented insufficient evidence to support his conviction of aggravated assault. We note that Defendant did preserve a related issue by objecting to the sufficiency of the evidence in his motion for directed verdict, which motion the court denied. Because we apply the same standard to evaluate either claim, we proceed to review the insufficiency of the evidence issue as it pertains to the directed verdict motion. *See State v. Hamilton*, 2003 UT 22, ¶ 41, 70 P.3d 111 ("When evaluating whether the State produced 'believable evidence' to withstand a challenge at the close of the State's case in chief, we apply the same standard used when reviewing a jury verdict. Hence, believable evidence in this context means the evidence must be 'capable of supporting a finding of guilt beyond a reasonable doubt.'" (citation omitted)).

¶5 Defendant asserts that the evidence is inconclusive, based on the witnesses' contradictory testimony, to prove that he aimed the gun at J.E., that he made any threatening statements, and that he had the requisite intent to cause J.E. bodily injury. Defendant maintains that the evidence shows only that he used a dangerous weapon in an angry and threatening manner but that he did not threaten anyone.

> In reviewing the denial of a motion for a directed verdict based on a claim of insufficiency of the evidence, "[w]e will uphold the trial court's decision if, upon reviewing the evidence and all inferences that can be reasonably drawn from it, we conclude that some evidence exists from which a reasonable jury could find that the elements of the crime had been proven beyond a reasonable doubt." Therefore, a

motion for a directed verdict made at the close of the state's case may be denied if the trial court finds that the state has established a "prima facie case against the defendant by producing 'believable evidence of all the elements of the crime charged.'"

*State v. Montoya*, 2004 UT 5, ¶ 29, 84 P.3d 1183 (alteration in original) (citations omitted). In evaluating a challenge to a denial of a motion for directed verdict, this court may not reweigh the evidence, which is the province of the jury. *See id*. ¶ 32. Instead, our role is to "determine whether the state has produced 'believable evidence' on each element of the crime from which a jury, acting reasonably, could convict the defendant." *Id.* A person commits aggravated assault if he or she (1) commits assault and (2) uses "a dangerous weapon . . . or other means or force likely to produce death or serious bodily injury." Utah Code Ann. § 76-5-103(1)(a)–(b). Assault is defined as "a threat, accompanied by a show of immediate force or violence, to do bodily injury to another." *Id.* § 76-5-102(1)(b) (2008).

¶6    Our review of the record reveals that J.E. repeatedly insisted in his testimony that Defendant pointed a gun directly at him and stated that Defendant was yelling something while pointing the gun at him.[1]  Based on this evidence alone, a reasonable

---

[1]J.E. testified as follows:

> Q.  And what did [Defendant] do at that moment?
> A.  At that point he reached his arm out, pointed a gun at me and said some words.  I couldn't even tell you what he said. At that moment honestly, I was scared for my life. . . .
> . . . .
> Q.  Okay, and you testified that you didn't understand what he said.  Could you talk about the tone of his voice?
> A.  He was yelling something.
> . . . .
> Q.  Okay.  Now, at the preliminary hearing isn't it true that you said that [Defendant] brandished the handgun?
> A.  No, I did not say that.  I said he pointed it at me.  I know what I said that day.
> . . . .

(continued...)

jury could find that Defendant's actions constituted "a threat, accompanied by a show of immediate force or violence, to do bodily injury to another." *Id.* Defendant, however, directs our attention to testimony from the two other witnesses that Defendant did not point the gun at anybody and did not make any threats from which the jury could infer intent to do bodily injury to another. We do not find merit in Defendant's argument that the evidence was insufficient as to each element of aggravated assault simply because some of the State's witnesses gave contradictory testimony. When reviewing a trial wherein conflicting, competent evidence was presented, "we simply assume that the jury believed the evidence supporting the verdict." *State v. Boyd*, 2001 UT 30, ¶ 14, 25 P.3d 985 (internal quotation marks omitted). "[T]he existence of contradictory evidence or of conflicting inferences does not warrant disturbing the jury's verdict." *Id*. (internal quotation marks omitted).

¶7    All evidentiary inferences must be viewed in the light most favorable to the jury verdict. Based on the evidence that Defendant aimed a gun directly at J.E. while yelling something at J.E., a reasonable jury could find that Defendant's actions constituted "a threat, accompanied by a show of immediate force or violence, to do bodily injury to another." Utah Code Ann. § 76-5-102(1)(b) (2008); *see also Hamilton*, 2003 UT 22, ¶¶ 45–46 (concluding that an aggravated assault charge was properly submitted to the jury based on corroborated evidence that the defendant aimed his rifle directly at an individual and warned that person not to come any closer). We therefore conclude that the aggravated assault involving J.E. was properly submitted to the jury, and we see nothing to suggest that "reasonable minds must have entertained a reasonable doubt that [Defendant] committed the crime." *See State v. Diaz*, 2002 UT App 288, ¶ 36, 55 P.3d 1131 (internal quotation marks omitted).

---

[1](...continued)

> Q. Okay. Isn't it also true that at the preliminary hearing
> you said that you "assumed" that [Defendant] was pointing
> the gun at you?
> A. Well, when there's three people standing next to each
> other and an arm is pointed out at you, with a gun looking
> down at the barrel—
> . . . .
> Q. And your memory is still the same, right, you remember
> a gun being pointed at you?
> A. Yes.

## II. Prosecutorial Misconduct

¶8     Defendant concedes that he did not preserve his prosecutorial misconduct argument and argues that it was plain error for the trial court to allow the prosecutor to encourage the jury to consider matters outside the evidence and deliberately mischaracterize the evidence.  To prevail on grounds of plain error,

> an appellant must show that (i) [a]n error exists; (ii) the error should have been obvious to the trial court; and (iii) the error is harmful, i.e., absent the error, there is a reasonable likelihood of a more favorable outcome for the appellant, or phrased differently, our confidence in the verdict is undermined.

*State v. Bedell*, 2012 UT App 171, ¶ 8, 281 P.3d 271 (internal quotation marks omitted).  "[A]bsent a demonstration of plain error or exceptional circumstances, we will not address a claim raised for the first time on appeal."  *Diaz*, 2002 UT App 288, ¶ 32.  We will reverse based on prosecutorial misconduct only if Defendant shows that

> [1] the actions or remarks of . . . counsel call to the attention of the jury a matter it would not be justified in considering in determining its verdict and, if so, [2] under the circumstances of the particular case, whether the error is substantial and prejudicial such that there is a reasonable likelihood that, in its absence, there would have been a more favorable result.

*State v. King*, 2010 UT App 396, ¶ 21, 248 P.3d 984 (alterations and omission in original).  Defendant argues that the prosecutor mischaracterized the evidence by stating in closing that "'there are differences in the account between all witnesses as to what happened [after Defendant pulled the gun out] but as the [detective] testified, their evidence, their stories were *almost identical*,'" when the "record shows that, in fact, [the detective] did not testify that the three witnesses' stories were *identical*."  (Second alteration in original) (Emphasis added.)

¶9     Defendant correctly notes that the detective did not testify that the witnesses' stories were identical.  However, the prosecutor did not argue that the witnesses' stories were identical but that they were "almost identical."  Our review of the detective's

testimony reveals that the prosecutor did not improperly characterize said testimony when stating that the testimonies were "almost identical." The detective testified that there was "a consensus among the three people" he spoke to and that, although accounts varied as to what Defendant did after he pulled the gun out, all three witnesses stated that they saw Defendant with a gun. This testimony is consistent with the prosecutor's viewpoint that the witnesses' "stories were almost identical on the date in question." *See King*, 2010 UT App 396, ¶ 22 ("[C]ounsel for each side has considerable latitude [in closing arguments] and may fully discuss his or her viewpoint of the evidence and the deductions arising therefrom." (second alteration in original) (internal quotation marks omitted)). In this case, the prosecutor in his summary of the witnesses' testimony specifically noted that "there are differences in the account between all witnesses as to what happened [after Defendant pulled the gun out]" before stating that "their evidence, their stories were *almost identical*." This statement is congruous with the detective's testimony about the witnesses' evidence pertaining to Defendant's possession of and actions involving a gun. Because we determine that the prosecutor did not improperly characterize the detective's testimony, we conclude that Defendant has not shown that the trial court erred by allowing the prosecutor's closing statement.

¶10 In sum, our review of the record reveals that there is sufficient evidence to support a guilty verdict for aggravated assault and that there was no prosecutorial misconduct in characterizing the evidence during closing statements. As a result, we affirm Defendant's aggravated assault conviction.

_____
William A. Thorne Jr., Judge

-----

¶11 WE CONCUR:

_____
Gregory K. Orme, Judge

_____
J. Frederic Voros Jr., Judge